## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS HILTON, JR. Individually and on behalf of all similarly situated employees, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-CV-01865 |
| MILSTEAD AUTOMOTIVE, LTD, MILSTEAD MANAGEMENT, LLC, AMY MILSTEAD | § § § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendants Milstead Automotive, LTD, Milstead Management, LLC, and Amy Milstead (collectively referred to as "Defendants") file this Motion for Partial Judgment on the Pleadings and would show the Court as follows:

## SUMMARY OF RELIEF SOUGHT

Defendant Milstead Automotive, LTD ("Milstead") employed Plaintiff, Dennis Hilton, Jr. ("Plaintiff") as a tow-truck operator. Milstead classified Plaintiff as an exempt commissioned employee under 29 U.S.C. § 207(i). "The bona fide commission exemption exempts employers from the FLSA overtime provisions where (1) they are retail or service establishments; (2) the regular rate of pay for their employees is in excess of one and one-half times the applicable minimum hourly rate; and (3) more than half of the compensation represents commissions on goods or services." *Taylor v. HD & Associates, L.L.C.*, 45 F.4th 833, 839 (5th Cir. 2022). Defendants move for judgment on the pleadings as to the first element of the exemption. The pleadings undeniably establish that Milstead is a "service" establishment.

Defendants anticipate that Plaintiff will argue that the element cannot be satisfied on the pleadings because the pleadings do not satisfy the United States Department of Labor's ("DOL") definition of a "retail or service establishment" as set forth in 29 C.F.R. § 779.411. To be clear, Defendants do not contend that Milstead meets the DOL's definition based on the pleadings. Rather, Milstead avers that section 779.411 was never valid because the phrase "retail or service establishment" is unambiguous, rendering the DOL's interpretation an invalid overreach of agency authority. Moreover, even if section 779.411 were valid when issued, it was repealed in 1989 and no longer remains valid. Pub. L. No. 101–157 (repealing former section 13(a)(2)).

At bottom, the plain language of section 207(i) requires Milstead prove that it is a "retail **or** service establishment." Because the pleadings establish that Milstead is a service establishment, nothing more is required. *Alvarado v. Corp. Cleaning Services, Inc*., 782 F.3d 365, 369 (7th Cir. 2015) ("As a service establishment CCS meets the 'retail **or** service establishment' requirement in section 207(i)." (emphasis in original)). This Court should decline Plaintiff's, and the DOL's invitation, to disregard the plain language of the statute.

## ARGUMENT AND AUTHORITIES

### A. Judgment on the Pleadings Under Rule 12(c).

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c); *Mayne v. Omega Protein Inc*., 370 F. App'x 510, 514 (5th Cir. 2010); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002); *Hughes v. The Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any

judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990); *see Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018); *Great Plains Tr. Co*., 313 F.3d at 312.

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr. Co*., 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). In making such a determination, the court is restricted to the pleadings and must accept all allegations as true. *Hughes*, 278 F.3d at 420 (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991). Nevertheless, the court may not accept as true conclusory allegations or unwarranted deductions of fact. *Great Plains Tr. Co*., 313 F.3d at 313.

**B. Section 779.411 is not entitled to *Chevron* deference.**

When reviewing the validity of an agency's interpretation of a statute, the court applies the two-step analysis established by the Supreme Court in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, (1984). *See Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 297 (5th Cir. 2022). The first step of the *Chevron* analysis starts with the plain language of the statute. "[W]here 'Congress has directly spoken to the precise question at issue,' [the court] must 'give effect to the unambiguously expressed intent of Congress' and reverse an agency interpretation that does not conform to the plain meaning of the statute." *Texas Coalition of Cities v. F.C.C*, 324 F.3d 802, 807 (5th Cir. 2003) (quoting *Chevron*, 467 U.S. at 842-43). "While administrative agencies are expert in technical problems within their jurisdiction, they enjoy no special skill in statutory interpretation, an area in which courts are the final authority." *Western Coal Traffic League v. United States*, 694 F.2d 378, 383-84 (5th Cir. 1983). Here, congressional intent as expressed in the plain language of the statue is clear. The statute provides:

> No employer shall be deemed to have violated subsection (a) by employing any employee of a retail **or** service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee. (emphasis added)

As the Seventh Circuit observed in *Alvarado*, the phrase "retail or service establishment" is not ambiguous. 782 F.3d at 369. "A 'retail establishment' sounds like a store.' *Id.* "'[S]ervice establishment'" is much broader . . . selling a service, not goods." *Id.* The Fifth Circuit "recognize[s] 'or,' at least as it is interpreted in statutes, is ordinarily disjunctive, meaning the words it connects have two separate meanings." *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co*., 22 F.4th 450, 455 n.4 (5th Cir. 2022). Thus, based on the statute's plain language the first element of the exemption can be met by a "retail" **or** "service" establishment. *Taylor v. HD & Associates, L.L.C*., 45 F.4th 833, 839 (5th Cir. 2022) ("Neither party disputes that HDA is a service establishment.") There is no dispute that Milstead is a service establishment.

Nevertheless, the DOL, and presumably Plaintiff, would have this court disregard the plain language of the statute and instead imply a congressional intent that contradicts the edicts of statutory construction. On May 5, 1961, President John F. Kennedy Signed HR 3935 Public Law 87-30 Minimum Wage Act (the "1961 Act").[1] The 1961 Act made various changes to the Fair Labor Standards Act ("FLSA"). Public Law 87-30. Section 6 of the 1961 Act created the current section 207(i) commissioned employee exemption. The provision read:

> No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such

---

[1] https://www.jfklibrary.org/asset-viewer/archives/JFKWHP/1961/Month%2005/Day%2005/JFKWHP-1961-05-05-B

employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

Section 9 of the 1961 Act amended section 13 of the FLSA to read as follows:

The provisions of sections 6 and 7 shall not apply with respect to --

any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, if such establishment—

(i) is not in an enterprise described in section 3(s), or
(ii) is in such an enterprise and is a hotel, motel, restaurant, or motion picture theater; or is an amusement or recreational establishment that operates on a seasonal basis, or
(iii) is in such an enterprise and is a hospital, or an institution which is primarily engaged in the care of the sick, the aged, the mentally ill or defective, residing on the premises of such institution, or a school for physically or mentally handicapped or gifted children, or
(iv) is in such an enterprise and has an annual dollar volume of sales (exclusive of excise taxes at the retail level which are separately stated) which is less than $250,000.

A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; or

According to the DOL, Congress intended that the definition of "retail or service establishment" found exclusively in one section of the FLSA should apply through the FLSA. According to the DOL, "The legislative history of the 1961 and the 1966 amendments to the Act, which use the same term in a number of provisions relating to coverage and exemptions, indicates that no different meaning was intended by the term "retail or service establishment" as used in the new provisions from that already established by the Act's definition." 29 C.F.R. § 779.24. The DOL's conclusion exemplifies why statutory interpretation is the pervue of the courts, not federal agencies.

The DOL's interpretation of the 1961 Act directly contradicts the relevant edicts of statutory interpretation. First, the regulation incorrectly implies that simply because Congress used the term in multiple provisions it must have intended the term have a consistent definition. *See United States v. Garcia*, 883 F.3d 570, 574 (5th Cir. 2018) (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 172–73 (2012) (explaining that, without more, "[t]he mere fact that the [same] words are used in each instance is not a sufficient reason for treating a decision on the meaning of the words of one statute as authoritative on the construction of another statute."). Second, the regulation incorrectly presumes that Congress' failure to cross reference the definition in section 13(a)(2) was an accident. However, "[w]here 'Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Medical Center Pharmacy v. Mukasey*, 536 F.3d 383, 398 n.33 (5th Cir. 2008) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)); *see also Christiana Tr. v. Riddle*, 911 F.3d 799, 805 (5th Cir. 2018) ("When Congress includes particular language in one section of a statute but omits it in another, we presume[ ] that Congress intended a difference in meaning." (quotation omitted)). Indeed, courts "cannot adopt a meaning of a statutory term where Congress used the same meaning in the same Title because, '[i]f Congress had intended that narrow meaning, it knew how to say so.'" *Tex. Med. Ass'n v. United States Dep't of Health & Human Services*, No. 6:22-CV-450-JDK, 2023 WL 5489028, at *13 (E.D. Tex. Aug. 24, 2023) (quoting *Wallaesa v. FAA*, 824 F.3d 1071, 1083 (D.C. Cir. 2016)).

In addition to incorrectly presuming that Congress did not mean what it said in the language of the 1961 Act, the DOL's interpretation of act ignores the evidence that the disparate inclusion or exclusion was intentional. Section 2 of the 1961 Act amended 6 definitions that

6

applied to the statue as a whole. Thus, Congress unequivocally knew how to amend definitions across the statute yet did not do so for the term "retail or service establishment." This was intentional. Moreover, when Congress wanted the definition promulgated in Section 13(a)(2) to apply, it said so. Section 9 of the 1961 Act created an exemption subsequently codified as Section 13(a)(13) which stated:

> any employee or proprietor in a retail or service establishment which qualifies as an exempt retail or service establishment **under clause (2) of this subsection** with respect to whom the provisions of sections 6 and 7 would not otherwise apply, engaged in handling telegraphic messages for the public under an agency or contract arrangement with a telegraph company where the telegraph message revenue of such agency does not exceed $500 a month; (emphasis added)

Thus, even in the 1961 Act itself, when Congress wanted the Section 13(a)(2) definition to apply, it expressly stated as much. Therefore, its failure to do so in section 207(i) was intentional.

Additionally, the DOL's proposed interpretation renders other sections of the 1961 Act as nonsensical. Section 2 of the 1961 Act amended the definition of "Enterprise engaged in commerce or the production of goods for commerce." *See* Section 2, Definition (s) to Public Law 87-30. One of the ways to meet the definition is to be: an enterprise with "one or more retail or service establishments . . . [that] receives goods for resale . . . which amount in total annual volume to $250,000 or more." *Id.* However, the former section 13(a)(2) definition of "retail or service establishment" prohibits an entity from selling more than 25% of its total volume of goods for resale. Thus, in order to be an enterprise engaged in commerce, and thereby subject to the FLSA's minimum wage and maximum hours restrictions, an employer would have to have less than 25% of its sales be for resale but still exceed more than $250,000 in resale. Such a narrow interpretation of the scope of the FLSA's protection could not have been intended by Congress. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004) ("[T]he reach of the FLSA is meant to be broad.").

Moreover, subsequent amendments to the FLSA also followed the pattern of expressly referencing Section 13(a)(2) when Congress intended that definition to apply. In the 1974 amendments to the FLSA, Section 10 creates an exemption for "any employee or proprietor in a retail or service establishment which qualifies as an exempt retail or service **establishment under paragraph (2) of subsection (a)** . . ." Public Law 93-259 (emphasis added). The 1977 amendments did the same, modifying the definition of an "enterprise engaged in commerce or the production of goods for commerce" in Section 9 including the following language: "retail or service establishments, **as defined in section 13(a)(2)** . . ." Public Law 95-151 (emphasis added).

At bottom, Congressional intent is clear. When Congress intended to apply the section 13(a)(2) definition of "retail or service establishment" to another provision, it expressly stated so. When Congress did not indicate the application of the section 13(a)(2) definition, the statute's plain language controls. *Fiber Sys. Int., Inc. v. Roehrs*, 470 F.3d 1150, 1157 n.3 (5th Cir. 2006) ("In cases involving statutory construction, the plain language of the statute is conclusive unless Congress clearly expressed a contrary intent."). Because 29 U.S.C. § 207(i) does not reference section 13(a)(2)'s definition, the first prong of the exemption can be satisfied by a "service establishment," meaning an establishment that sells services. *Alvarado*, 782 F.3d at 369. The pleadings undeniably establish that Milstead sells services. *See* Dkt. No 1 ¶ 10 ("During all relevant times, Defendants Milstead Automotive, and Milstead Management, LLC were and, upon belief remain, a joint, single, or continuous enterprise under Defendant Amy Milstead's operation or common control for the common business service of running a garage and wrecker services for profit.").

**C. Congress repealed section 13(a)(2), including its definition of retail or service establishment.**

In 1989, Congress repealed section 13(a)(2) including its definition of retail or service establishment. *See* Public Law 101-157, Section 3(c)(1) ("Section 13(a).—Section 13(a) (29 U.S.C. 213(a)) is amended by striking out paragraphs (2) and (4)). "Altering statutory definitions, or adding new definitions of terms previously undefined, is a common way of amending statutes. . . " *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 299 (1994). "When Congress alters the wording of a statute, [courts] must presume Congress intended a change in the law.*" Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). Thus, to the extent the definition in section 13(a)(2) previously applied to section 7(i), which it did not, the definition does not continue to apply in light of Congress' repeal of the definition.

The two Circuit Court of Appeals that have failed to recognize that Congress' amendment of the statute actually amended the statute have done so with faulty or no analysis. First, in *Reich v. Delcorp, In*c., the court held that the 1989 amendments did not change the definition because "[w]hen Congress passed § 207(i) in 1961, it specifically stated that the term "retail or service establishment" was to have the same meaning in that section as it did in § 213(a)(2)." 3 F.3d 1181, 1183 (8th Cir. 1993) (citing 29 C.F.R. § 779.411). However, as discussed above, the 1961 amendments did not specifically state that "retail or service establishment" was to have the same meaning in that section as it did in § 213(a)(2). Moreover, the regulation the court cites for this point, 29 C.F.R. § 779.411, declines to say that either. In *Gieg v. DDR, Inc.*, the Ninth Circuit accepted the definition's continuing validity with a passing reference to *Reich*. 407 F.3d 1038, 1047 (9th Cir. 2005). Thus, the decisions that refuse to recognize that Congress intended to amend the FLSA when it amended the FLSA are not persuasive.

**CONCLUSION**

The pleadings undeniably establish that Defendants are a "service establishment." Under the plain language of section 207(i), Defendants do not have to prove any more than that to satisfy the first element of the exemption. Therefore, Defendants are entitled to partial judgment on the pleadings.

                                    Respectfully submitted,

                                    **OGLETREE, DEAKINS, NASH,**
                                    **  SMOAK & STEWART, P.C.**

                                    */s/  Carolyn Russell*
                                    Carolyn Russell
                                    Texas SBN: 24003913
                                    SDTX No. 25141
                                    One Allen Center
                                    500 Dallas Street, Suite 3000
                                    Houston, TX  77002
                                    713.655.0855 (Phone)
                                    713.655.0020 (Fax)
                                    carolyn.russell@ogletree.com

                                    **ATTORNEY-IN-CHARGE FOR**
                                    **DEFENDANT**

**OF COUNSEL:**

Ryan Swink
State Bar No. 24107940
SDTX No. 363109OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Allen Center
500 Dallas St., Ste. 300
Houston, Texas 77002
713.655.0855 (Phone)
713.655.0020 (Fax)
ryan.swink@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via the Court's electronic filing system on this 13th day of November, 2023 upon all counsel of record.

*/s/ Carolyn Russell*
Carolyn Russell