IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS HILTON, JR., individually and on behalf of all similarly situated employees, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-23-1865 |
| v. | § § | |
| MILSTEAD AUTOMOTIVE, LTD., et al., | § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Denis Hilton, Jr., alleges that his former employer, Milstead,[1] failed to pay him overtime wages and retaliated against him for participating in activity protected by the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, *et seq.* He also alleges that Milstead interfered with his exercise of rights guaranteed by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, and retaliated against him for taking FMLA leave.

Milstead moves for partial judgment on the pleadings. (Docket Entry No. 14). Milstead argues that Hilton's complaint establishes as a matter of law the first element of the retail services exemption to the FLSA's overtime provision—that Milstead is a "retail or service establishment." *See* 29 U.S.C. § 207(i). Milstead argues that the court should not follow the Department of Labor's non-binding definition of "retail or service establishment," 29 C.F.R. § 779.24, which Milstead admits it does not meet on the pleadings. Milstead does not articulate an alternative definition, but states merely that "[t]here is no dispute that [it] is a service establishment." (Docket Entry No. 14

---

[1] The complaint refers to the three defendants—Milstead Management, LLC, Milstead Automotive, Ltd., and Amy Milstead—collectively as "Milstead." (Docket Entry No. 1 at ¶ 1). Hilton does not specify which defendant employed him.

at 4). Milstead appears to rely solely on the following paragraph of Hilton's complaint to establish that it is a "service establishment": "During all relevant times, Defendants Milstead Automotive, and Milstead Management, LLC were and, upon belief remain, a joint, single, or continuous enterprise under Defendant Amy Milstead's operation or common control for the common business service of running a garage and wrecker services for profit." (*Id.* at 8) (quoting Docket Entry No. 1 at ¶ 10).

Whether the retail services exemption applies to Milstead is a question better resolved at summary judgment, after discovery. The complaint—which says very little about Milstead's business—does not establish as a matter of law that Milstead is a "retail or service establishment," much less the other necessary elements of the exemption. On the present record, the motion is denied.

SIGNED on January 25, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge